# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSan J. ANSELL,            ) | |
| )                            | |
| Plaintiff,   )               | 2:05-cv-505 |
| v.           )               | |
| )                            | |
| UNITED STATES OF AMERICA,  ) | |
| )                            | |
| Defendant.   )               | |
| )                            | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is a MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER filed by the United States (*Document No. 13*). The United States has filed a brief in support. Plaintiff Susan Ansell has filed a response *(Document No. 15)* and has also filed a MOTION FOR A HEARING *(Document No. 16)*. The motions are now ready to be decided.

### Standard of Review

When considering a motion to dismiss, the court accepts as true all well pleaded allegations of fact. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994). In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff. The complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief" enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed.R.Civ.P. 8(a)(2); *see also Conley*, 355 U.S. at 47. This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513-14 (2002). Claims lacking merit may be dealt with through summary judgment pursuant to Rule 56. *Id.* If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more

definite statement pursuant to Rule 12(e) before fashioning a response. *Id.*

## Procedural History

Plaintiff Susan Ansell resides with her husband Larry on a farm in Scottdale, Pennsylvania. On May 17, 2005, she filed a pro se complaint against Michael Jankovic Farm Service Agency. Because Michael Jankovic was acting within his capacity as a loan officer for the Farm Service Agency (FSA) of the United States Department of Agriculture (USDA), the United States was substituted as the defendant.

The Complaint alleges that the Ansells first borrowed operating money in 1984, to refinance an existing Farm Credit loan and to refinance a farm ownership loan. Michael Jankovic allegedly lied by telling the Ansells that no Spring Operating Loans existed in 1986. He refinanced the Ansells' loans multiple times, the latest in 1994, improperly compounding debt. Jankovic also allegedly misapplied payments causing interest to accrue, took excessively long to approve loans, and improperly denied a loan. As a result, to plant crops, the Ansells were forced to borrow money at 18-22% interest rather than at the 5% rate available through the FSA. Eventually, facing foreclosure, the Ansells were forced to apply for and enter the Debt for Nature program. They are able to stay on their farm property but are not allowed to use it for farm purposes for 50 years. The Ansells seek monetary damages and ask that the contract for the Debt for Nature program be accelerated to expire this year, such that the Ansells may farm their land. Attachment #1 to the Complaint is a letter from Kenneth Cohen which denied Plaintiff's claim under the Federal Tort Claims Act (FTCA). The letter indicates that the Ansell's claim was filed on July 2, 2003.

## Discussion

The United States seeks dismissal of the complaint on both jurisdictional and substantive grounds. First, the United States argues that this Court lacks authority to hear the Ansell's

complaint because their administrative claim was untimely.  Second, the United States argues that certain of the allegations against Jankovic are not actionable as torts, and that the allegations that Jankovic lied cannot be brought under the FTCA.  The Court agrees with the United States that, based on the allegations in the Complaint, the Ansell's claim is not timely.  Therefore, the Court will not address the United States' substantive arguments.

>The Federal Tort Claims Act, 28 U.S.C. § 2401(b), states:
>
>**A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.**

In other words, claims such as the Ansells' must be made, in writing, to the appropriate agency within two years.  The attachment to the Complaint states that the Ansells' administrative claim was filed on July 2, 2003.  The allegedly wrongful conduct by Jankovic described in the Complaint occurred from 1984 through 1995.  Thus, more than seven years passed between the time the Ansells' claims accrued and the time they filed their claim with the FSA.  Accordingly, the Ansells' claim against the United States under the FTCA based on Jankovic's conduct from 1984 through 1995 is "forever barred" and must be dismissed.

Opportunity to Amend Complaint

If a complaint is subject to dismissal under Rule 12 of the Federal Rules of Civil Procedure, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend.  *Id.*  Even if a plaintiff does not seek leave to amend her complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that she has leave to amend the complaint within a set period of time.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002).  The district court may

dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of her intent to stand on the complaint as filed.

The same principles should apply with even greater force to complaints filed by pro se litigants. Indeed, in Plaintiff's response, Ms. Ansell suggests that she will be able to overcome the statute of limitations defense by pleading additional facts about their continuous battle with the USDA. She further suggests that she may be able to state a claim for breach of contract rather than tort. Plaintiff will be given a full and fair opportunity to set forth additional facts that may support such claims. Of course, the United States will also have an opportunity to raise appropriate defenses. Accordingly, on or before April 2, 2007, Plaintiff may file an amended complaint or a notice of her intent to stand on the original complaint. The United States' responsive pleading shall be filed on or before April 16, 2007.

At this point, the Court concludes that a hearing would not be the most efficient use of the Court's or parties' resources. Accordingly, the Motion for a Hearing will be denied.

An appropriate order follows.

                                                                                                                         McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN J. ANSELL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-505 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER OF COURT

AND NOW, this 8th day of March, 2007, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED AND DECREED that the MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER filed by the United States (*Document No. 13*) is **GRANTED**.  The Plaintiff's MOTION FOR A HEARING *(Document No. 16)* is **DENIED**.  Plaintiffs may file an amended complaint or a notice of intent to stand on the complaint as filed on or before March 23, 2007.  The United States' responsive pleading shall be filed on or before April 8, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Susan J. Ansell
      R.D. #1, Box 620
      Scottdale, PA 15683
      (724) 887-5341

      Michael C. Colville, AUSA
      Email: michael.colville@usdoj.gov