IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN J. ANSELL, | ) |
| Plaintiff, | ) 2:05-cv-505 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration is DEFENDANT'S MOTION TO DISMISS (*Document No. 26*). The United States has filed a brief in support. Plaintiff Susan Ansell has filed a response *(Document No. 28)*. The motion is ripe for decision.

Standard of Review

When considering a motion to dismiss, the court accepts as true all well-pleaded allegations of fact. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief" enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed.R.Civ.P. 8(a)(2). This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513-14 (2002). Claims lacking merit may be dealt with through summary judgment pursuant to Rule 56. *Id.* If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. *Id.*

However, in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court recently issued a decision which may represent a sweeping change in the pleading standard applicable to complaints filed in federal court. At a minimum, as all nine justices agreed, the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Supreme Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. Indeed, the *Twombly* Court made a distinction between facts that are merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

Factual and Procedural History

Plaintiff Susan Ansell resides with her husband Larry on a farm in Scottdale, Pennsylvania. Plaintiff alleges that the Ansells first borrowed operating money from the Farm Service Agency (FSA) of the United States Department of Agriculture (USDA) in 1984, to refinance an existing Farm Credit loan and to refinance a farm ownership loan. Michael Jankovic, a loan officer for the FSA, allegedly lied in 1986 by telling the Ansells that no Spring Operating Loans existed. In addition, Jankovic refinanced the Ansells' loans multiple times, the latest in 1994, improperly compounding their debt. Jankovic also allegedly misapplied payments, took excessively long to approve loans, and improperly denied a loan. As a result, in order to plant crops, the Ansells were forced to borrow money at 18-22% interest rather than the 5% rate available through the FSA. Eventually, facing foreclosure, the Ansells were forced to apply for and enter into the Debt for Nature program. They are able to stay on their farm property but are not allowed to use it for farm purposes for 50 years.

On May 17, 2005, Plaintiff filed a hand-written pro se complaint in this Court against "Michael Jankovic Farm Service Agency." She seeks monetary damages and asks that the contract for the Debt for Nature program be accelerated to expire this year, such that the Ansells may farm their land. Because Michael Jankovic was acting within his official government

capacity, the United States was substituted as the defendant.  The Court interpreted the complaint as asserting a tort claim because Attachment #1 to the Complaint is a letter from Kenneth Cohen which denied an administrative claim filed by Plaintiff with the FSA under the Federal Tort Claims Act (FTCA).   The United States filed a motion to dismiss the complaint.  On March 8, 2007, the Court granted the motion on the ground that a tort claim was untimely.  However, the Court granted Plaintiff an opportunity to file an amended complaint.

On March 30, 2007, the Court received an undated letter from Plaintiff via certified mail (the "March 30, 2007 Letter").[1]  The March 30, 2007 Letter is "organized chronologically to show continuous pro se commitment to resolve our farm loan complaint from 1994 until the tort claim was filed in 2003."  Plaintiff asserts that she followed every available avenue in the FSA chain of command and contends that she can establish "[Breach] of Contract in loan servicing." The March 30, 2007 Letter explains that the government exceeded the applicable 15-day and 60-day time limits for making decisions on numerous occasions "from 1984 through 1994"; that Plaintiff received an apology for the poor service from Lou Anne Kling, Acting Deputy Administrator for Farm Credit Programs, on May 8, 1995; and that Amos Morrow and James Bullard verified that Jankovic committed errors in their separate investigations.  The March 30, 2007 Letter states that Ansell lost count of how many lawyers she asked to help her, and that "none would commit to a battle with the government."  Attached is a letter from the Ansells to an attorney dated October 20, 1996, stating that they "have decided to pursue our dilemma as suggested by the FSA office in Harrisburg by filing a lawsuit."  The March 30 Letter further asserts: "James Root in Washington, D.C. and Charlie Marshall in Harrisburg told me to file a tort claim" but explains that they did not file a tort [claim] until all other avenues were exhausted.  Ms. Ansell justifies the eight-year gap from 1995 to 2003 due to the files being lost in the Kittanning office, shuffled in Civil Rights, delayed for years in FOIA and sent to the wrong

---

[1] This document was not placed on the CM/ECF system by the parties and therefore the Court will do so.

office in Washington, D.C. She asserts that her complaint was continuous, but the branches could not decide who should handle it and it fell into a "black hole."

The documents attached by Ms. Ansell to this March 30, 2007 Letter have also been scrutinized by the Court. Notably, the affidavit of Cheryl Cook, formerly State Director Farmers Home Administration, describes how Mike Jankovic's incompetence and untruthfulness has harmed the Ansells. On April 30, 1997, Jim Root of FSA prepared a memo of his conversation with Ms. Ansell, in which he recommended three options: (1) a tort claim; (2) a lawsuit; or (3) bankruptcy, and noted that these options were all unacceptable to the Ansells. A letter on Department of Agriculture letterhead, stamped January 27, 1998, explains that "the case has been closed from a civil rights standpoint and is being considered as a program complaint." On November 8, 2000, a USDA official prepared a memo stating that Ansell was eligible for a hearing before an ALJ and that her case is "considered active until the ALJ issues a decision." On February 6, 2002, Ansell sent an email in which she requested a "waiver" for her long-standing FSA complaint.

On May 9, 2007, Ms. Ansell submitted another letter (the "May 9, 2007 Letter") addressed to the Court, along with several attached exhibits. Although the form of the document is not a proper pleading, the Court has designated this letter from a pro se plaintiff as an "Amended Complaint." (Document No. 23). The May 9, 2007 Letter explains that Plaintiff seeks to assert a claim for breach of contract and refers back to the contentions made in the March 30, 2007 Letter. The May 9, 2007 Letter asserts that any government action that impacts the special relationship of a family farm violates the duty of good faith and commits a breach of contract. Attached are multiple samples of year-end loan statements, taken from the investigation file in 1998. Plaintiff alleges that loan payments were not properly applied and that rescheduling covered up the government's lending errors. As relevant to the timeframe, the May 9, 2007 Letter states:

> This pattern of unfair dealing changed abruptly when we filed a complaint in 1994 and Cheryl Cook initiated a federal investigation which uncovered the loan

>damages done to all the farmers with FSA loans in Westmoreland County. Afterwards, our loan portfolio was moved to Kittanning and then Somerset County where Rich Lehman properly applied loan payments.

The May 9, 2007 Letter explains that the government has abused the Ansells' trust and fraudulently abused its authority. In addition to a breach of contract claim, the May 9, 2007 Letter states that "other contract related cases may apply." In particular, Plaintiff states that a Bivens Claim may apply because Cheryl Cook, an official who "tried to do something about it" was transferred. The May 9, 2007 Letter asserts that the statute of limitations did not expire because the complaint was continuously dragging on, records were withheld, discovery was blocked, a "statute of limitations waiver" was obtained, the government lost their claim, and it took two years for an official to determine that it was not a tort. Attached are numerous documents which bear Ms. Ansell's notations. There is a Civil Rights Action Team Followup Referral Form from March 1997, noting that the Ansells "raise some very serious allegations" that should be investigated. A memorandum from Jeremy Wu, Deputy Director for Programs, Office of Civil Rights, dated June 28, 1998, states that an investigation will be conducted. On July 29, 1999, Rosalind Gray, Director of USDA's Office of Civil Rights, sent a letter to the Ansells notifying them that their "pre-July 1, 1997 complaint meets the requirements for a waiver of the Statute of Limitations" pursuant to Public Law 105-277 § 741. The July 29, 1999 letter explains that the Ansells have several options, including an administrative determination, a hearing before an ALJ, "to take your case to Federal Court"; or two or more of those options.

The United States argues that the Amended Complaint should be dismissed for three reasons: (1) that the statute of limitations has run; (2) that the Court lacks subject matter jurisdiction over a breach of contract claim; and (3) that the complaint fails to state a valid claim for breach of contract. The United States attached a declaration from Richard Lehman, a Farm Loan Manager at the FSA, in support of its motion to dismiss. Mr. Lehman avers that the regulation concerning how payments are to be applied when borrowers have more than one type

of loan is FmHA Instruction 1951-A, 7 C.F.R. §§ 1951.9-1951.11.[2]

On August 23, 2007, Plaintiff submitted a third letter (the "August 23, 2007 Letter"), which the Court has designated as a response to the government's motion to dismiss (Document No. 28). In the August 23, 2007 Letter, Plaintiff contends that the statute of limitations never expired because she has sought constant resolution from the agency since 1994 and incorporates her "previously presented chronological documents." Plaintiff argues that jurisdiction is proper to correct damages from lack of qualified funding and asks the Court "to look at the initial 1994 complaint," which is enclosed as Attachment #1. Plaintiff contends that she has stated a valid claim for breach of contract because a loan is a contract that carries an implied duty of good faith. Plaintiff explains that delays in payments, rescheduling and consolidation had the cumulative effect of increasing the amount owed and hiding the errors. Also enclosed, as Attachment #2, is a Promissory Note dated January 22, 1985, with a notation that it has been "reamortized, not paid."

Legal Analysis

1.     Preliminary Matters

Before turning to the substantive merits of the argument, the Court will first explain the process to be undertaken. When a plaintiff is proceeding pro se, the complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is apparent that Ms. Ansell is not familiar with the technical formalities of the legal system and the record reflects her fruitless efforts to obtain the assistance of counsel. In this instance, the Court will consider the arguments and factual statements made in Ms. Ansell's letters to the Court as if they had been proper pleadings. However, even a pro se plaintiff, like Ms. Ansell, must plead the essential elements of her claim and is not immune from standard

---

[2] The declaration purported to attach a copy of the Debt Cancellation Conservation Contract between the Ansells and the government, but no such document was actually attached.

procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Court will also consider the numerous attachments to her various letters provided by Plaintiff as exhibits. As explained in *Frese v. United States*, 2006 WL 231895 *3 n.1 (D.N.J. 2006):

> Where a plaintiff relies upon separate documents in the complaint and attaches those documents as exhibits to the complaint, the Court may properly consider the relied upon documents when analyzing a motion to dismiss. *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir.2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

The Court will not consider the factual averments set forth in the declaration of Mr. Lehman that was submitted by the government at this stage of the litigation. Rather, the Court will consider all the facts set forth by Plaintiff as true for purpose of analyzing the motion to dismiss.

      2.     Statute of Limitations

The United States contends that, taking the allegations made by Ms. Ansell as true, the alleged breach of contract occurred from 1984 to some time in 1994. The United States points to Plaintiff's statement that the "pattern of unfair dealing changed abruptly when we filed a complaint in 1994" and that afterwards "Rich Lehman properly applied loan payments." The government concedes that Jankovic did not always apply the Ansells' loan payments correctly, but argues that the error stopped sometime in 1993.

With the exception of tort claims or claims under the Contracts Dispute Act, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401. The Court's Memorandum Opinion dated March 8, 2007 concluded that a tort claim is untimely. The Contracts Dispute Act also does not apply to this case, because it does not involve an executive agency contract for procurement of property, service, construction or the disposal of personal property, or the

Tennessee Valley Authority.  41 U.S.C. § 602.  Thus, the Court must determine whether this case was timely filed within six years of the time when the right of action first accrued.

The allegations made by Ms. Ansell clearly demonstrate that this case was not timely filed.  Construed in the light most favorable to Plaintiff, the alleged breach of contract occurred and the right of action accrued by, at the latest, the end of 1994.  Ms. Ansell was obligated to file this lawsuit within six years of the breach of contract.  However, the original complaint in this action was not filed until 2005, some eleven years after the alleged breach and five years after the expiration of the statute of limitations.

Neither party has addressed the question of whether the statute of limitations may be "tolled" in this case.  Ms. Ansell asserts that she has made continuous efforts to seek redress and to exhaust all available administrative options over the past decade.  The Court is unaware of any administrative exhaustion requirements in this case.  Indeed, agency officials explicitly told Plaintiff that she had a right to file a lawsuit.  *See* April 30, 1997 memorandum by Jim Root, in which he recommended three options: (1) a tort claim; (2) a lawsuit; or (3) bankruptcy, and noted that none of these options was acceptable to the Ansells; *see also* July 29, 1999 letter (notifying Plaintiff that she could pursue **both** a federal lawsuit and an administrative remedy at the same time).   While the Court appreciates Ms. Ansell's desire to avoid litigation, her preference to reach an administrative solution does not authorize the Court to ignore the statute of limitations established by Congress.

In some situations, the "discovery rule" tolls the running of the statute of limitations until the plaintiff "knew or using reasonable diligence should have known of the claim." *Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 46 (3d Cir. 1990).  However, the discovery rule doctrine does not apply under the facts and circumstances of this case.  The documents submitted to the Court by Ms. Ansell clearly demonstrate that Plaintiff was well aware of her claim far longer than six years prior to the date she filed suit.  The record reflects that Plaintiff filed a complaint with Cheryl Cook in 1994, which stopped the improper conduct of Jankovic and resulted in the

transfer of her file.  Plaintiff submitted a letter dated October 20, 1996, stating that the Ansells "have decided to pursue our dilemma as suggested by the FSA office in Harrisburg by filing a lawsuit."  *See also* Civil Rights Action Team Followup- Referral Form attached to May 9, 2007 Letter (noting that the Ansells' allegations were referred to the agency on March 19, 1997).  In sum, the record conclusively demonstrates that Ms. Ansell knew of her claim, but made a conscious decision to forego litigation for nearly ten years.  Accordingly, even assuming for the sake of argument that the doctrine of equitable tolling applies and that Plaintiff has made continuous efforts to seek a non-litigation resolution of her dispute, there is no basis to toll the statute of limitations in this case.

        3.        Waiver of Statute of Limitations

One of the documents submitted by Plaintiff was a letter dated July 29, 1999 from the USDA Office of Civil Rights, indicating that the Ansell's administrative complaint met the requirements for waiver of the statute of limitations pursuant to Public Law 105-277 § 741.  The United States has not responded to this argument.  The Court of Appeals, however, addressed a very similar situation in *Ordille v. United States*, 216 Fed. Appx. 160 (3d Cir. 2007) (unpublished) (alleging mistreatment and errors by the FSA in connection with farm loans).

> As discussed by the Court of Appeals, Section 741 states, in relevant part:
>
> (a) To the extent permitted by the Constitution, any civil action to obtain relief with respect to the discrimination alleged in an eligible complaint, if commenced not later than 2 years after the date of the enactment of this Act [Oct. 21, 1998], shall not be barred by the statute of limitations.
>
> (b) The complainant may, in lieu of filing a civil action, seek a determination on the merits of the eligible complaint by the Department of Agriculture if such complaint was filed not later than 2 years after the date of enactment of this Act [Oct. 21, 1998].
>
> Pub.L. 105-277 , Title VII § 741(a), 112 Stat. 2681-30 (reprinted in 7 U.S.C. § 2279 notes).
>
> An "eligible complaint" is defined by Section 741 as:
>
> a nonemployment related complaint that was filed with the Department of

9

> Agriculture before July 1, 1997 and alleges discrimination at any time during the period beginning on January 1, 1981 and ending December 31, 1996-
>
> "(1) in violation of the Equal Credit Opportunity Act (15 U.S.C.1961 et seq.) in administering-
>
> (A) a farm ownership, farm operating or emergency loan funded from the Agricultural Credit Insurance Program Account; ....
>
> Pub.L. 105-277 , Title VII § 741(e), 112 Stat. 2681-31.

The Court in *Ordille* held that the scope of the waiver represented in Section 741 must be strictly and narrowly construed and that a form letter (such as that received by the Ansells and Ordilles) did not operate as a broad entitlement to file suit. Further, the Court explained that the waiver was strictly limited to allegations of discrimination. The Ansells are claiming breach of contract rather than a violation of the Equal Credit Opportunity Act and therefore this is not an "eligible complaint" that qualifies for the extended period for filing a discrimination claim. Moreover, this lawsuit was not filed within the applicable two-year window following the date of enactment, to wit, October 28, 1998. Accordingly, the United States has not waived the six-year statute of limitations that applies to this case.

    4.    Summary

The Court empathizes with Plaintiff in her struggle to keep her family farm, particularly in view of the United States having conceded that Mr. Jankovic made errors which impacted the Ansells.[3] The Court further empathizes with the frustration which the Ansells have endured over the past decade in trying to secure an acceptable response from the farm services bureaucracy. The picture portrayed in the complaint and in the numerous supporting documents supplied by Plaintiff certainly does not reflect well on the FSA. Nevertheless, the right to file suit against the United States is conditioned upon specific rules created by Congress which this Court is bound to

---

[3] The Court makes no findings regarding the United States' contention that it has already rectified the errors committed by Jankovic, but urges the government to provide that explanation to the Ansells.

10

follow.  For the reasons set forth above, Plaintiff was required to file this lawsuit within six years of the alleged wrongful actions taken by Jankovic.  Because the Court concludes that the complaint was not timely filed, it need not address the alternative arguments raised by the United States.

      An appropriate order follows.

                                                            McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN J. ANSELL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-505 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER OF COURT

AND NOW, this 4th day of September, 2007, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED AND DECREED that the DEFENDANT'S MOTION TO DISMISS (*Document No. 26*) is **GRANTED** and Plaintiff's amended complaint is dismissed. The clerk shall docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Susan J. Ansell
R.D. #1, Box 620
Scottdale, PA 15683
(724) 887-5341
**(BY CERTIFIED MAIL and REGULAR MAIL)**

Michael C. Colville, AUSA
Email: michael.colville@usdoj.gov